122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore C. LANGE, Plaintiff-Appellant,
v.
DEPARTMENT OF THE INTERIOR, Secretary Bruce Babbitt,
Defendant-Appellee.
 No. 96-35318.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided August 27, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-94-00284-JJ; John Jelderks, Magistrate Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Theodore C. Lange, an employee of the United States Department of the Interior, Bureau of Land Management ("BLM"), appeals pro se the district court's judgment following a bench trial in favor of the Secretary of the Interior ("Secretary") in Lange's two consolidated actions against the Secretary for employment discrimination under Title VII, 42 U.S.C. § 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Following a bench trial, the judge's findings of fact shall not be set aside unless clearly erroneous. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We review the district court's conclusions of law de novo. See id.
 
 
 4
 Lange contends that the district court erred by rejecting his claim that he was unlawfully discriminated against in retaliation for filing prior employment discrimination claims because the evidence "presented at trial was overwhelmingly in [his] favor." This contention lacks merit.
 
 
 5
 It is unlawful for an employer to discriminate against an employee for filing a grievance under Title VII. See 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, an employee must show that he engaged in protected activity, that he was subjected to an adverse employment action by his employer, and that a causal link exists between the protected activity and the adverse employment action. See Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988). To establish the causal link, an employee must prove that the employer acted with a retaliatory intent or motive. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 798 (9th Cir.1982).
 
 
 6
 Here, the record supports the district court's conclusion that Lange failed to establish a retaliatory motive on the part of the BLM. See id. Accordingly, the district court did not err by entering judgment for the Secretary. See Magnuson, 85 F.3d at 1427.[2]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject the Secretary's argument that this court lacks jurisdiction over this appeal because Lange's timely motion for a new trial tolled the time to file a notice of appeal. See Fed. R.App. P. 4(a)(4); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991). Lange filed a timely notice of appeal from the district court's order denying his motion for a new trial and timely filed an amended notice of appeal from the district court's amended judgment. Lange does not appeal the district court's denial of his motion for a new trial
 
 
 [2]
 We agree with the district court that Lange's first amendment claim is precluded by Bush v. Lucas, 462 U.S. 367, 385 (1983). See Berry v. Hollander, 925 F.2d 311, 316 (9th Cir.1991). We have considered Lange's additional contentions and conclude that they are without merit